1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                              )
AMERICAN CIVIL LIBERTIES UNION        )        No. C09-0642RSL
OF WASHINGTON,                                      )
                                                              )
                              Plaintiff,                   )
                                                              )        ORDER GRANTING IN PART
              v.                                              )        DEFENDANT'S MOTION FOR
                                                              )        RECONSIDERATION
U.S. DEPARTMENT OF JUSTICE,              )
                                                              )
                              Defendant.                )
_____)

         On March 10, 2011, the Court ordered defendant to produce specific categories of

documents under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Defendant filed a

timely motion for reconsideration (Dkt. # 46), and the Court requested additional briefing (Dkt.

# 49).  This matter is now ripe for consideration.

         FOIA represents a balance "between the right of the public to know and the need

of the Government to keep information in confidence."  John Doe Agency v. John Doe Corp.,

493 U.S. 146, 152 (1989) (quoting H.R. Rep. No. 1497, at 6 (1966), reprinted in 1966

U.S.C.C.A.N. 2418, 2423).  Although the burden is on the agency to show that a document has

been properly withheld from the public (Dep't of the Air Force v. Rose, 425 U.S. 352, 361

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION

(1976); 5 U.S.C. § 552(a)(4)(B)), defendant acknowledges that its original <u>Vaughn</u> index[1] was too general.  Defendant divided the universe of documents into broad categories based on the general nature of the information contained therein.  Specific and distinct information embedded within the documents was not addressed, and the agency failed to assert exemptions from disclosure that it now deems applicable.  As discussed in more detail below, defendant's failure to assert all possible objections to production at one time is inappropriate under the statute and governing case law.  Because final judgment has not yet been entered in this case and the parties continue to review documents in preparation for the *in camera* review, however, the Court has considered the new exemptions and arguments asserted by the agency.

Having reviewed the memoranda and exhibits submitted by the parties, the Court finds as follows:

**1. Suspicious Indicators (Document No. 13)**

Exemption 7(E) authorizes the redaction of information compiled for law enforcement purposes that would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law."  5 U.S.C. § 552(b)(7)(E).  Defendant asserts that Document No. 13 contains information describing suspicious indicators that law enforcement officers should look for when attempting

---

[1] <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973).  Because only the agency has access to documents that are withheld from production under FOIA, plaintiff is at a significant disadvantage when arguing the applicability of statutory exemptions.  The courts therefore require agencies to provide an index that identifies each withheld document, the applicable exemption, and "a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption."  <u>Wiener v. Fed. Bureau of Investigation</u>, 943 F.2d 972, 977 (9th Cir. 1991).  The purposes of the index are to provide plaintiff with an adequate foundation to challenge, and the Court an adequate basis to review, the soundness of the withholding:  in effect, it is designed to restore the traditional adversary nature of our judicial process despite plaintiff's lack of access to the documents.  <u>Id.</u> at 977-78; <u>Vaughn</u>, 484 F.2d at 828.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION            -2-

to detect possible terrorist activity and that this information has not been disclosed to the public. Decl. of Christopher M. Piehota (Dkt. # 46) at 5.  Defendant shall, within five days of the date of this Order, revise its "Summary and Justification of Deleted Information" for Document No. 13. It is highly recommended that a summary and justification be written specifically for this document, rather than relying on descriptions and generalizations that are so broad that they can be applied to whole categories of documents.  The revised Vaughn index must impart real information regarding the content of Document No. 13 at issue and why the release of that information reasonably could be expected to damage national security.

## 2. Federal Agency Coordination (Document Nos. 115)

Defendant argues that certain documents, such as Document No. 115, contain information regarding the procedures the Terrorist Screening Center ("TSC") follows once the identity of a known or suspected terrorist has been confirmed by reference to the Violent Gang and Terrorist Organizations File ("VGTOF").  The agency's description of this information and the nature of the "procedures" is cryptic and sparse.  It appears that the procedures relate to TSC's communications with other federal agencies once a positive VGTOF response arises. Defendant states that the information details "the coordination that occurs among federal law enforcement agencies" (Reply (Dkt. # 55) at 2) and identifies "the various agencies or entities involved in responding to a positive encounter with a known or suspected terrorist" (Decl. of Christopher M. Piehota (Dkt. # 46) at 6).  Although defendant asserts that the disclosure of this information "could reasonably be expected to risk circumvention of the law" (Decl. of Christopher M. Piehota (Dkt. # 46) at 6), this statement is wholly conclusory.  Defendant has not provided "a particularized explanation of how disclosure of the particular document would damage the interest protected by the claimed exemption." Wiener v. Fed. Bureau of Investigation, 943 F.2d 972, 977 (9th Cir. 1991).  Nor does the description of the document as "information describing the coordination among federal agencies" give rise to a reasonable

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION            -3-

expectation that identifying the agencies that follow up on a positive VGTOF response will thwart law enforcement.  Defendant has not met its burden under FOIA or Local Civil Rule 7(h)(1).

### 3.  Form FD-930:  FBI's Level of Interest (Document Nos. 6, 92, 113, and 127)

Form FD-930 (Document No. 6) is used to supply information regarding individuals for entry into VGTOF.  The form not only reveals the specific identifiers recorded for each watchlisted individuals, such as name, date of birth, and/or passport number, but also reveals the minimum level of interest or investigative status necessary for inclusion in the VGTOF.  Because the types of data included in various watchlists maintained by the federal government, including the VGTOF, were already in the public domain,  the Court found that Form FD-930 was not properly withheld.  The Court considered the FBI's argument that not all of the information deemed relevant to inclusion in the VGTOF had been disclosed, but found that simply identifying additional criteria for inclusion did not present a risk of circumvention of agency regulation.

Defendant's current argument fares no better.  Defendant asserts that the disclosure of the minimum level of interest or investigative status necessary for inclusion in the VGTOF will be detrimental to national security.  Mr. Piehota suggests that if the government is forced to disclose the minimum level of interest necessary for inclusion in the VGTOF, individuals who suspect that they are on the watchlist will be able to estimate the government's level of interest in them and adjust their activities accordingly.  This argument verges on the illogical.  A positive VGTOF response is not disclosed to the individual.  Thus, a person who already suspects or affirmatively believes that he is on the VGTOF watchlist has all the incentive he needs – or is likely to get – to conceal illegal activities, destroy evidence, and/or modify his behavior.[2]  The

---

[2]  Plaintiff is not seeking information regarding any particular individual, his inclusion in the VGTOF, or the government's level of interest in him.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION                -4-

1  agency has not shown that disclosure of additional criteria for entry in the VGTOF could

2  reasonably be expected to risk circumvention of the law under Exemption 7(E).

3  **4.  Form FD-930:  Criteria for Inclusion in No Fly and Selectee Lists**

4  For the first time in this motion for reconsideration, the Transportation Security

5  Administration ("TSA") has expressed an interest in certain documents sought by plaintiff. In

6  particular, TSA argues that a portion of page 3 of Form FD-930 is protected from disclosure

7  under Exemption 3 based on the agency's determination that the criteria for placement on the No

8  Fly and Selectee Lists is sensitive security information ("SSI") under regulations promulgated

9  pursuant to 49 U.S.C. § 114(r).  TSA excuses its previous lack of participation in this action on

10  the ground that it was unaware of plaintiff's FOIA request until March 21, 2011.

11  This litigation has been pending for over two years.  Defendant's failure to bring

12  plaintiff's December 19, 2008, FOIA request to TSA's attention until after the Court had

13  rendered its summary judgment decision is inexplicable.  As a general rule, the government

14  "must assert all exemptions at the same time" and may not "play cat and mouse by withholding

15  its most powerful cannon until after the District Court has decided the case and then springing it

16  on surprised opponents and the judge."  August v. Fed. Bureau of Investigation, 328 F.3d 697,

17  699 (9th Cir. 2003) (internal citations omitted).  Defendant is essentially trying its objections to

18  the production of Form FD-930 seriatim, resulting in wasted effort for both plaintiff and the

19  Court.  Nevertheless, because final judgment has not yet been entered in this matter, the

20  agency's failure to refer plaintiff's FOIA request to TSA does not appear to have been tactical,

21  and the interests asserted by TSA are weighty, the Court will consider the applicability of

22  Exemption 3.[3]  Defendant shall, within five days of the date of this Order, revise its "Summary

23

24  [3] Defendant argues that this Court lacks jurisdiction to evaluate the merits of TSA's designation of information as SSI under 49 U.S.C. § 46110.  Pursuant to that statute, the United States Courts of Appeals have exclusive jurisdiction to affirm, amend, modify, or set aside any order issued under Subtitle VII, Parts A or B of Title 49 or under subsections 114(l) or (s) of that title.  The SSI

25

26

and Justification of Deleted Information" for Document No. 6 to address the applicability of Exemption 3, following the recommendations discussed in section 1 above.

**5.  Form FD-930:  Confidential Sources (Document No. 6 and "related documents")**

Defendant belatedly argues that (a) Form FD-930 and "related documents" reveal the names of foreign partners which share and exchange information with TSC, (b) the identity of these partners is confidential, and (c) this information is exempt from disclosure under Exemption 7(D).  Information compiled for law enforcement purposes that could reasonably be expected to disclose the identity of a confidential source or the information provided by that source is protected under Exemption 7(D).  Confidential sources include "a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis . . . ."  5 U.S.C. § 552(b)(7)(D).  A source is considered confidential if it were expressly told that its identity would be held in confidence or if the circumstances surrounding the receipt of information suggest that the informant would not have provided the information without an implicit assurance of confidentiality.  Wiener, 943 F.2d at 986-87.

Mr. Piehota asserts that the information-sharing agreements with the countries named in Document Nos. 6 and 28 were negotiated with the understanding, both express and implied, that the countries would not be identified to the public.  In response to plaintiff's charge that this assertion is little more than boilerplate, defendant requests an opportunity to supplement its Vaughn index and submit the documents for *in camera* review.  Defendant shall, within five days of the date of this Order, revise its "Summary and Justification of Deleted Information" for Document Nos. 6 and 28 to address the applicability of Exemption 7(D), following the recommendations discussed in section 1 above.

---

determination asserted by the TSA in this case was made pursuant to 49 U.S.C. § 114(r), not subsections (l) or (s).  The exclusive jurisdiction provision of 49 U.S.C. § 46110 does not, therefore, apply.

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION                    -6-

**CONCLUSION**

For all of the foregoing reasons, defendant's motion for reconsideration is GRANTED in part and DENIED in part. Following supplementation of the Vaughn index regarding the documents discussed in sections 1, 4, and 5, the parties shall attempt to resolve their differences regarding production of these documents. If the parties are unable to reach agreement, plaintiff may, within thirty days of production of the revised Vaughn index, file a supplemental memorandum to assist the Court during *in camera* review of the contested documents.

Defendant shall, within thirty days of production of the revised Vaughn index, produce the documents described in sections 1, 4, and 5 above (along with all of the contested documents discussed in the Court's March 10, 2011, order) for *in camera* review. Once the documents have been received in chambers, court staff will contact defense counsel to schedule a conference with Mr. Hardy or another knowledgeable person who can explain the documents and their import.

Defendant shall, on or before June 30, 2011, produce the documents discussed in sections 2 and 3 above.

Dated this 19th day of May, 2011.

*MMr S Casnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION            -7-