UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                    )
AMERICAN CIVIL LIBERTIES UNION      )      No. C09-0642RSL
OF WASHINGTON,                                )
                                                    )
                    Plaintiff,                      )
          v.                                         )      ORDER FOLLOWING *IN CAMERA*
                                                    )      REVIEW
U.S. DEPARTMENT OF JUSTICE,         )
                                                    )
                    Defendant.                    )
_____)

Following a series of orders in which the Court attempted to evaluate the adequacy of the government's response to a request for information under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, the Department of Justice produced a number of unredacted documents for *in camera* review. Having reviewed the documents and the memoranda submitted by the parties,[1] the Court finds as follows:

**Document No. 2**

Pursuant to Exemption 7(E), FOIA does not require the disclosure of information compiled for law enforcement purposes that would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement

---

[1] In its March 10, 2011, order, the Court indicated that it might require the assistance of Mr. Hardy or another knowledgeable person to complete the *in camera* review process. Having now reviewed the documents, the court finds that *ex parte* communication with a defense representative, to which plaintiff objected, is not necessary or warranted.

ORDER FOLLOWING *IN CAMERA* REVIEW

investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E).  The Court finds that the information redacted from NCIC-VGTOF-8352 was compiled for law enforcement purposes, discloses investigative techniques and procedures, and could reasonably be expected to be of use to those attempting to circumvent the law.

With regards to the redactions asserted under Exemptions 6 and 7(C), defendant appropriately redacted personal (albeit in some cases coded) identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  No further disclosures regarding Document No. 39 are necessary.

**Document Nos. 3, 4, 16, and 17**

Exemption 5 protects from disclosure those documents which would be subject to a privilege in the civil discovery context, including the deliberative process privilege.  Nat'l Labor Relations Bd. v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975); Lahr v. Nat'l Transp. Safety Bd., 569 F.3d 964, 979 (9th Cir. 2009).

> The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.

Dep't of Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8-9 (2001) (internal citations and quotation marks omitted).  To fall within this privilege, a document must be both pre-decisional (*i.e.*, prepared to assist an agency decisionmaker in arriving at a decision) and deliberative (*i.e.*, reflects a candid discussion within the agency regarding how to perform its functions).  Lahr, 569 F.3d at 979.

Defendant has withheld four documents solely on the ground that they are drafts. Drafts are not presumptively exempt from production under Exemption 5.  Defendant has failed to show that any portion of these documents, much less their entireties, were prepared to assist

ORDER FOLLOWING *IN CAMERA* REVIEW        -2-

an agency decisionmaker in arriving at a decision <u>and</u> reflect a candid discussion of anything more weighty than word choice or grammatical considerations.  Defendant shall, within fourteen days of the date of this Order, remove redactions asserted under Exemption 5 to Document Nos. 3, 4, 16, and 17 and produce the documents to plaintiff.

**Document Nos. 5 and 15**

The redactions asserted under Exemption 7(D) in the supplemental <u>Vaughn</u> index have been removed following discussions between the parties.  Dkt. # 78 at 11, n.7.  To the extent information has been withheld from these documents pursuant to Exemption 3 as Sensitive Security Information ("SSI"), no further production will be ordered, however.  The Court lacks jurisdiction to evaluate the validity of the Transportation Security Administration's designation of information as SSI.

**Document No. 6**

To the extent information has been withheld from Document No. 6 pursuant to Exemption 3 as Sensitive Security Information ("SSI"), no further production will be ordered.  The Court lacks jurisdiction to evaluate the validity of the Transportation Security Administration's designation of information as SSI.

**Document No. 13**

Exemption 6 protects from disclosure "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  FOIA also protects from disclosure information compiled for law enforcement purposes that "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  In order for disclosure to constitute an unwarranted invasion of personal privacy, the information at issue must be identifiable as applying to a particular individual.  <u>Dep't of State v. Wash. Post Co.</u>, 456 U.S. 595, 602 (1982).  Plaintiff does not seek disclosure of the names or contact information of government employees or contractors.  Dkt. # 39 at ¶ 22; Dkt. # 40 at 20; Dkt. # 78 at 18.  Thus the redaction of

employee/contractor names and their contact information from Document No. 13 is appropriate. There does not, however, appear to be any privacy-related justification for the redaction of agency, center, or other organizational unit names or contact information under Exemptions 6 or 7(C).

Exemption 7(E) authorizes the redaction of information compiled for law enforcement purposes that would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. § 552(b)(7)(E). Defendant has withheld information on NCIC-VGTOF-10651-52 because it describes events, behaviors, and objects that should be considered when law enforcement officers are attempting to detect possible terrorist activity. Even if some of the indicators are already known to the public through common sense or other avenues, the disclosure of the combined lists would make it easier to adjust activities and belongings so that fewer indicators are triggered, thereby frustrating law enforcement efforts. Defendant need not produce NCIC-VGTOF-10651-52.

**Document No. 27**

Information compiled for law enforcement purposes that could reasonably be expected to disclose the identity of a confidential source or the information provided by that source is protected under Exemption 7(D). Confidential sources include "a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis . . . ." 5 U.S.C. § 552(b)(7)(D). A source is considered confidential if it were expressly told that its identity would be held in confidence or if the circumstances surrounding the receipt of information suggest that the informant would not have provided the information without an implicit assurance of confidentiality. Wiener v. Fed. Bureau of Investigation, 943 F.2d 972, 986-87 (9th Cir. 1991).

The FBI has made two redactions to Document No. 27 under Exemption 7(D).

ORDER FOLLOWING *IN CAMERA* REVIEW      -4-

The redaction on NCIC-VGTOF-11098 references a place: it does not reflect information shared by foreign partners, disclose the existence of a foreign partner relationship, or suggest an express or implied promise of confidentiality. Defendant shall, within fourteen days of the date of this Order, remove the redaction to NCIC-VGTOF-11098 asserted under Exemption 7(D) and produce the document to plaintiff. No further disclosure of NCIC-VGTOF-11099 is necessary, however.

With regards to the redactions asserted under Exemptions 6 and 7(C), defendant primarily redacts personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. Defendant has not, however, justified the redaction of telephone conference access information under either of the identified exemptions. Defendant shall, within fourteen days of the date of this Order, remove the access information redaction from NCIC-VGTOF-11094 and produce the document to plaintiff.

**Document No. 39**

The information redacted from NCIC-VGTOF-11738-39 and NCIC-VGTOF-11741 was compiled for law enforcement purposes, discloses investigative techniques and analysis, and could reasonably be expected to be of use to those attempting to circumvent the law. With regards to the redactions asserted under Exemptions 6 and 7(C), defendant appropriately redacted personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. No further disclosures regarding Document No. 39 are necessary.

**Document No. 63**

Defendant has made three redactions to Document No. 63 under Exemption 7(D) and 7(E). The other redactions are made pursuant to Exemptions 6 and 7(C). No further disclosures regarding Document No. 63 are necessary.

**Document No. 69**

The information redacted from Document No. 69 was compiled for law

ORDER FOLLOWING *IN CAMERA* REVIEW        -5-

enforcement purposes, discloses investigative techniques and analysis, and, to the extent it reveals travel patterns or regional data, could reasonably be expected to be of use to those attempting to circumvent the law. Defendant has not, however, shown that disclosure of the four categories of records, the totals for each category, or the data on NCIC-VGTOF-9199 would reveal information that is related to travel patterns or regions and could be used to circumvent the law. Defendant shall, within fourteen days of the date of this Order, remove the redactions from the categories, the totals, and NCIC-VGTOF-9199 and produce Document No. 69 to plaintiff.

**Document No. 70**

The information redacted from Document No. 70 is not based on geographic area and does not reveal travel patterns or regional data related to law enforcement efforts. Defendant's assertion of Exemption 7(E) is therefore unwarranted. Defendant shall, within fourteen days of the date of this Order, remove the redactions from Document No. 70 and produce the document to plaintiff.

**Document No. 71**

The information redacted from Document No. 71 was compiled for law enforcement purposes, discloses investigative techniques and analysis, and, to the extent it reveals travel patterns or regional data, could reasonably be expected to be of use to those attempting to circumvent the law. Mr. Piehota states that the DCTSC data can be used to identify geographic regions (Dkt. # 58-1), and the Court will not order disclosure of regional data related to law enforcement efforts. Defendant has not, however, shown that disclosure of the various categories of records or the totals for each category would reveal information that is related to travel patterns or regions and could be used to circumvent the law. Defendant shall, within fourteen days of the date of this Order, remove the redactions from the categories and the totals and produce Document No. 71 to plaintiff.

**Document Nos. 74 and 76**

The information redacted from NCI-VGTOF-10084 and NCIC-VGTOF-10107-08 was compiled for law enforcement purposes, discloses investigative techniques and analysis, and could reasonably be expected to be of use to those attempting to circumvent the law. With regards to the redactions asserted under Exemptions 6 and 7(C), defendant appropriately redacted personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. No further disclosures regarding Document Nos. 74 or 76 are necessary.

**Document Nos. 79 and 81**

FOIA does not require production if the document discloses matters that are "(A) specifically authorized under criteria established by an Executive order to be kept secret in the interest of national defense or foreign policy and (B) are in fact properly classified pursuant to such Executive order." 5 U.S.C. § 552(b)(1). Mr. Hardy asserts that information in Document Nos. 79 and 81 relates to unique record identifier terminology or the sharing of information gathered through intelligence collection methods and that the disclosure of the information could make the intelligence collection methods susceptible to countermeasures that would inhibit future collection efforts. Dkt. # 56-1. Defendant argues that the information withheld meets the criteria of Executive Order No. 12958, which allows information to be classified as national security information if it reveals "intelligence sources and methods" (§ 1.4(c)), the original classification authority determines that the unauthorized disclosure of the information reasonably could be expected to result in damage to the national security (§ 1.1(a)(4)), and the original classification authority is able to identify or describe the damage (§ 1.1(a)(4)).

Defendant has not shown that the information redacted from Document Nos. 79 and 81 under Exemption 1 was ***properly classified***, that the terminology used to describe a new handling code or the mention of an attached document constitute intelligence sources or

ORDER FOLLOWING *IN CAMERA* REVIEW     -7-

methods, or that disclosure of this information would reveal a protected intelligence source or method.  Defendant shall, within fourteen days of the date of this Order, remove the Exemption 1 redactions from Document Nos. 79 and 81 and produce them to plaintiff.

With regards to the redactions asserted under Exemptions 6 and 7(C), defendant appropriately redacted personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

**Document No. 80**

The first two paragraphs of NCIC-VGTOF-10567 discuss the source of certain intelligence streams and the methods by which those streams are shared.  Although the Court has some doubts regarding the adequacy of the procedures used to classify this material, disclosure will not be ordered.  The third paragraph of NCIC-VGTOF-10567 and the redacted paragraph on NCIC-VGTOF-10570 do not reveal intelligence sources or methods, however.

With regards to the redactions asserted under Exemptions 6 and 7(C), defendant primarily redacts personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.  Defendant has not, however, justified the redaction of agency, center, or other organizational unit names or contact information.

Defendant shall, within fourteen days of the date of this Order, remove the redactions from the third paragraph of NCIC-VGTOF-10567 and NCIC-VGTOF-10570 and the contact information redactions from NCIC-VGTOF-10568-69 and produce Document No. 80 to plaintiff.

**Document No. 84**

Certain redactions on NCIC-VGTOF-10608, including the first redaction in the first paragraph, the redactions in the bullet list, and the last redaction on the page, discuss the source of certain intelligence streams.  Although the Court has some doubts regarding the adequacy of the procedures used to classify this material, disclosure will not be ordered.

ORDER FOLLOWING *IN CAMERA* REVIEW         -8-

1    The other redactions asserted under Exemption 1 do not reveal intelligence sources
2  or methods, however.  Neither the terminology used to describe a new handling code nor the
3  legal repercussions of using terminology interchangeably constitutes intelligence sources or
4  methods, and there is no reason to suspect that disclosure of this information would reveal a
5  protected intelligence source or method.  Defendant shall, within fourteen days of the date of this
6  Order, remove these Exemption 1 redactions from Document No. 84 and produce it to plaintiff.
7    With regards to the redactions asserted under Exemptions 6 and 7(C), defendant
8  appropriately redacted personal identifiers and contact information, the disclosure of which
9  would constitute a clearly unwarranted invasion of personal privacy.

**Document No. 96**

Exemption 7(E) authorizes the redaction of information compiled for law
enforcement purposes that would "disclose techniques and procedures for law enforcement
investigations or prosecutions, or would disclose guidelines for law enforcement investigations
or prosecutions if such disclosure could reasonably be expected to risk circumvention of the
law."  5 U.S.C. § 552(b)(7)(E).  The incomplete and very general information provided in
Document No. 96 regarding behaviors and objects that might be considered suspicious are
already known to the public through common sense or other avenues, and their disclosure cannot
reasonably be expected to aid terrorists in their attempts to circumvent the law.  Defendant shall,
within fourteen days of the date of this Order, remove the redactions from Document No. 96 and
produce it to plaintiff.

**Document No. 100**

Mr. Hardy asserts that information redacted from Document No. 100 relates to
"intelligence collection methods which are used to investigate a specific individual or group of
individuals who the U.S. Government has determined to be of national security interest."  Dkt.
# 56.  A review of NCIC-VGTOF-10889 does not support this assertion, however.  The redacted
information does not reveal intelligence collection methods or sources, nor does it describe

ORDER FOLLOWING *IN CAMERA* REVIEW        -9-

investigative techniques or procedures. Rather, the redacted information relates to coding options available to an official nominating an individual for inclusion in the NCIC/VGTOF. Having failed to show that the information redacted from NCIC-VGTOF-10889 was ***properly classified***, that the information constitutes intelligence sources or methods, or that disclosure of the information would reveal a protected intelligence source or method, redaction under Exemption 1 is not justified. Defendant shall, within fourteen days of the date of this Order, remove the Exemption 1 redactions from Document No. 100 and produce them to plaintiff.

With regards to the redactions asserted under Exemptions 6 and 7(C), defendant appropriately redacted personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

**Document Nos. 109 and 110**

The information redacted from NCIC-VGTOF-11065 and NCIC-VGTOF-11080 was arguably compiled for law enforcement purposes, but the data element disclosed in the redacted text is already known to the public through common sense or other avenues (including preceding sentences in these same documents), and its disclosure cannot reasonably be expected to aid terrorists in their attempts to circumvent the law. Defendant shall, within fourteen days of the date of this Order, remove the Exemption 7(E) redaction from Document Nos. 109 and 110 and produce them to plaintiff.

With regards to the redactions asserted under Exemptions 6 and 7(C), defendant appropriately redacted personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

**Document Nos. 112 and 113**

Exemption 7(E) authorizes the redaction of information compiled for law enforcement purposes that would "disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the

ORDER FOLLOWING *IN CAMERA* REVIEW        -10-

law." 5 U.S.C. § 552(b)(7)(E). Defendant has withheld text from NCIC-VGTOF-11134, NCIC-VGTOF-11138, and NCIC-VGTOF-11142 because it describes specific individuals of interest to the FBI with reference to the conduct and location that excited the agency's attention. Although the disclosure of this information may, as Mr. Hardy asserts, "warn terrorists from this location and/or who fit the described characteristics that they are under investigation [and] cause them to take countermeasures to avoid detection," there is no indication that the redacted information "discloses techniques and procedures for law enforcement investigations or prosecutions." Exemption 7(E) does not, therefore, apply and defendant has offered no alternative grounds to justify the redactions. Defendant shall, within fourteen days of the date of this Order, remove the Exemption 7(E) redaction from Document Nos. 112 and 113 and produce them to plaintiff.

With regards to the redactions asserted under Exemptions 6 and 7(C), defendant appropriately redacted personal identifiers and contact information, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

**Document No. 114**

FOIA protects from disclosure information regarding government employees, contractors, and investigative subjects that would constitute a clearly unwarranted invasion of personal privacy. Thus, the redaction of employee/contractor names and their contact information from Document No. 114 is appropriate. There does not, however, appear to be any privacy-related justification for the redaction of agency, center, or other organizational unit names or contact information as occurred on NCIC-VGTOF-11150.

Nor has defendant justified its assertion of Exemption 7(E) with regards to Document No. 114. Defendant offers no theory under which the telephone number for the Terrorism Watch List could be considered a law enforcement technique, guideline or procedure. The information redacted from NCIC-VGTOF-11155 on Exemption 7(E) grounds has already been ordered disclosed in the context of Document No. 100.

The redactions on NCIC-VGTOF-11156-59 are justified as the information is

outside the scope of plaintiff's FOIA request.

Defendant shall, within fourteen days of the date of this Order, remove the Exemption 7(E) redactions from Document No. 114 and the redaction on NCIC-VGTOF-11150 and produce the document to plaintiff.

**Document No. 124**

The fourth paragraph under "P. (U) The Foreign Intelligence Surveillance Court (FISC)," the text under "Q. (U) Attorney-Client Privilege" on NCIC-VGTOF-11575, and the list of investigative techniques on NCIC-VGTOF-11576 discuss the source of certain intelligence streams, the methods by which those streams are shared, and/or the means by which intelligence is gathered. The Court therefore finds that the information withheld in these paragraphs is appropriately characterized as national security information in that it reveals "intelligence sources and methods" for purposes of Executive Order No. 12958, § 1.4(c). Although the Court has some doubts regarding the adequacy of the procedures used to classify this material, disclosure of this information will not be ordered. The first three paragraphs under "P. (U) The Foreign Intelligence Surveillance Court (FISC)" on NCIC-VGTOF-11575 discuss requirements of the Foreign Intelligence Surveillance Act and do not reveal intelligence sources or methods, however.

The information redacted from NCIC-VGTOF-11580-81 on Exemption 1 grounds has already been ordered disclosed in the context of Document No. 100.

With regards to the redactions asserted under Exemptions 6 and 7(C), there does not appear to be any privacy-related justification for the redaction of agency, center, or other organizational unit names or contact information.

Defendant shall, within fourteen days of the date of this Order, remove the redactions from the first three paragraphs under "P. (U) The Foreign Intelligence Surveillance Court (FISC)" on NCIC-VGTOF-11575, the Exemption 1 redactions from NCIC-VGTOF-11580-81, and the contact information redactions from NCIC-VGTOF-11579-80 and produce

Document No. 124 to plaintiff.

Having resolved all outstanding issues in the above-captioned matter, the Court directs the Clerk of Court to enter judgment.

Dated this 21st day of September, 2012.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER FOLLOWING *IN CAMERA* REVIEW          -13-